IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


KIM DUNLAP,                                         CV 04-950-BR

      Plaintiff,                            OPINION AND ORDER

v.

FRED MEYER STORES, INC.,

      Defendant.


**DAVID J. HOLLANDER**
Hollander, Lebenbaum & Gannicott
1500 S.W. First Avenue
Suite 700
Portland, OR  97201
(503) 222-2408

      Attorneys for Plaintiff

**DAVID WILSON**
Bullard Smith Jernstedt Wilson
1000 S.W. Broadway
Suite 1900
Portland, OR  97205
(503) 248-1134

      Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion for Summary Judgment (#14) and Plaintiff's Motion to Strike Declaration (#33). For the following reasons, the Court **DENIES as moot** Defendant's Motion for Summary Judgment and Plaintiff's Motion to Strike Declaration, **GRANTS** Plaintiff's request to dismiss his claim for failure to rehire, and **STAYS FURTHER PROCEEDINGS** in this matter pending mandatory arbitration of Plaintiff's state-law retaliation claim.

## BACKGROUND

On June 2, 2004, Plaintiff Kim Dunlap filed an amended complaint in Multnomah County Circuit Court alleging Defendant terminated his employment and failed to rehire him in violation of Or. Rev. Stat. 659A.040.[1]

On July 14, 2004, Defendant removed the case to this Court on the ground that this Court has subject matter jurisdiction because Plaintiff's claims are "inextricably intertwined with the CBA [Collective Bargaining Agreement] which governed his employment and cannot be decided without reference to and

---

[1] Or. Rev. Stat. 659A.040 provides an employer may not lawfully "discriminate against a worker with respect to hire or tenure or any term or condition of employment because the worker has applied for benefits or invoked or utilized the procedures" of Oregon Workers' Compensation laws.

interpretation of the CBA to resolve differing interpretations of the controlling contract language."  Defendant asserts (1) the Court must interpret the CBA in order to resolve the case; (2) state law as it applies to Plaintiff's claims are preempted by § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a); and (3) accordingly, this Court has subject matter jurisdiction over this action.  *See Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001).

On March 1, 2005, Defendant filed a Motion for Summary Judgment in which Defendant contends Plaintiff's claim for retaliation fails because the parties do not dispute Defendant fired Plaintiff based solely on a provision of the CBA.  In addition, Defendant asserts Plaintiff's claim for failure to rehire fails for a number of reasons including Plaintiff's failure to request a suitable permanent position.

Plaintiff concedes an arbitrator ordered Defendant to reinstate Plaintiff with back pay, and Defendant rehired Plaintiff in compliance with the arbitrator's order.  Plaintiff, therefore, requests the Court to dismiss his claim against Defendant for failure to rehire.  The Court grants Plaintiff's request and, accordingly, the Court need only address Plaintiff's remaining claim that Defendant violated Or. Rev. Stat. § 659A.040 by retaliating against Plaintiff for filing a Workers' Compensation claim.

3 - OPINION AND ORDER

With respect to his retaliation claim, Plaintiff also agrees Defendant terminated Plaintiff's employment based solely on § 4.10 of the CBA. Plaintiff, however, contends § 4.10 violates Or. Rev. Stat. § 659A.040 because it allows Defendant to terminate only those individuals who are out of work on Workers' Compensation leave for more than one year, but not those individuals who are out of work on other types of medical leave for more than one year. Defendant, on the other hand, contends it is entitled to summary judgment on the issue of retaliation because, despite the language of § 4.10, Defendant terminates all employees who are out of work for more than one year regardless of the reason.

In their initial briefing, the parties did not address the issue whether Plaintiff's state-law claim is preempted by § 301 of the LMRA. After reviewing the parties' filings and considering their oral arguments, however, the Court requested the parties to address specifically whether the Court has jurisdiction over the remaining claim in this case.

In response, Plaintiff contended at oral argument that the Court does not have subject matter jurisdiction because the Court does not need to interpret any disputed provisions of the CBA to resolve Plaintiff's state-law claim. Thus, Plaintiff's state-law retaliation claim is not preempted by the LMRA, and there is not any basis for federal jurisdiction.

Defendant, however, argued (1) the issue at hand is inextricably intertwined with the language of the CBA; (2) the Court is required to interpret the CBA in order to decide the remaining issue in this case; (3) as a result, the LMRA preempts Plaintiff's state-law claim of retaliation; and (4) accordingly, this Court has subject matter jurisdiction under the LMRA.

At the conclusion of oral argument, the Court requested supplemental briefs on the jurisdiction issue, which the parties submitted on August 17, 2005, and September 6, 2005, and which the Court has fully considered.

## **FACTS**

The following facts are undisputed unless otherwise noted.

Plaintiff is currently employed as a replenisher in Defendant's warehouse in Clackamas, Oregon. Throughout his employment with Defendant, Plaintiff has been represented by Teamsters Local 206 and has worked under the CBA.

On May 24, 2002, Plaintiff injured his back while working in Defendant's warehouse and filed for Workers' Compensation benefits. On August 12, 2002, Plaintiff had back surgery. On October 21, 2002, Plaintiff's doctor released him to return to work with substantial restrictions on the type of work Plaintiff could perform. On November 15, 2002, Plaintiff began a temporary assignment in Defendant's "wellness room" for 20 hours per week.

On March 12, 2003, Plaintiff's doctor released him to work fairly limited jobs. On April 12, 2003, Deborah Newstrand, one of Defendant's Return-to-Work Managers, informed Plaintiff that his temporary assignment would end April 25, 2003, pursuant to the terms of Defendant's return-to-work policy.

On May 24, 2003, Defendant terminated Plaintiff's employment pursuant to § 4.10(f) of the CBA, which provides:

> 4.10 Reasons for Loss of Seniority. No employee who has acquired seniority shall lose seniority by reason of sickness or injury not to exceed one (1) year, unless further extended by mutual agreement. In cases of industrial accident, the provisions of state law shall apply. Otherwise employees shall lose all previous seniority, and their employment relationship shall be terminated only if they:
>
>     a. Quit or retire. For purposes of this paragraph, an employee who walks off the job shall be deemed a voluntary quit.
>
>     b. Are discharged for just cause.
>
>     c. Are absent for two (2) or more consecutive days without notifying the Company of such absence.
>
>     d. Are absent on layoff and do not return to work on the day specified by the Employer after receiving three (3) work days' notice of date of recall by certified mail or telegram at last known address.
>
>     e. Are laid off for a period of six (6) months or more.
>
>     f. Are off on industrial injury for a period of twelve (12) months.
>
>     g. Are Floaters who fail to call for available work for two (2) consecutive days.

Plaintiff continued to receive full-time loss benefits after Defendant terminated his employment. On June 10, 2003, Plaintiff and the Teamsters Union filed a grievance against Defendant regarding Plaintiff's dismissal. The parties, however, did not submit to the arbitrator the issue whether § 4.10(f) violates Oregon Workers' Compensation laws. On June 14, 2004, the arbitrator issued an opinion in which the arbitrator concluded Defendant violated the CBA when it terminated Plaintiff for being "off on industrial injury for a period of 12 months due to his light duty jobs through April, 2003." The arbitrator ordered Defendant to reinstate Plaintiff, to restore his seniority, and to pay Plaintiff back pay from the date he could have been re-employed through his actual reinstatement.

On July 14, 2003, Plaintiff had a second back surgery. Plaintiff's doctor released him to work at his former job of replenisher on July 21, 2004. After July 21, 2004, Defendant reinstated Plaintiff, restored his seniority, and paid him all of his back pay.

## **STANDARDS**

Pursuant to 28 U.S.C. § 1441, an action filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over the action. Federal courts have original jurisdiction over "all civil actions

arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The removal statute is strictly construed, however, and any doubt about the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)(citations omitted). The presumption against removal jurisdiction means "the defendant always has the burden of establishing that removal is proper." *Id.* (citations omitted).

To determine whether an action arises under federal law, a court generally must apply the "well-pleaded complaint rule." *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)(citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). Under this rule, a claim arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law. *Id*.

A corollary to the well-pleaded complaint rule is the doctrine of complete preemption. *Id*. The complete preemption doctrine provides, "[O]n occasion . . . the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson*, 201 F.3d 1212, 1215 (9th Cir.), *as amended by* 208 F.3d 1170 (9th Cir.), *cert. denied*, 531 U.S. 992 (2000). If a federal claim completely preempts a

state-law claim, any complaint that contains allegations within the scope of the federal claim necessarily "arises under" federal law for purposes of determining removal jurisdiction. *Franchise Tax Bd. of the State of Cal. v. Const. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 24 (1983).

"[F]ederal courts are required to *sua sponte* examine jurisdictional issues." *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999). *See also* Fed. R. Civ. P. 12(h)(3); *WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1135 (9th Cir. 1997)(when in doubt, a federal court must *sua sponte* evaluate whether it has subject matter jurisdiction). The court generally is limited to the face of the complaint when determining removability. When a defendant asserts complete preemption as the basis for removal, however, the court may examine the defendant's removal notice and supporting affidavits to clarify whether the plaintiff presents a claim that, in fact, arises under federal law. *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983).

### **DISCUSSION**

The Court's jurisdiction over this matter turns on two issues: (1) whether Plaintiff's state-law claim is preempted by the LMRA and (2) whether Plaintiff must arbitrate his claim.

9 - OPINION AND ORDER

**I.   This Court Has Subject Matter Jurisdiction under § 301 of the LMRA.**

   A.   <u>Complete Preemption Doctrine under LMRA Generally</u>

   Section 301 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect of the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). The Supreme Court has interpreted § 301 to authorize the federal courts to develop a federal common law for the interpretation of CBAs. *Cramer*, 255 F.3d at 689 (citing *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 451 (1957)). This federal common law preempts the use of state contract law to interpret and to enforce CBAs. *Id.* (citing *Local 174, Teamsters of Am. v. Lucas Flour Co.*, 369 U.S. 95, 103-04 (1962)). In the context of preemption, however, the Ninth Circuit has "stressed . . . the term 'interpret' is defined narrowly - it means something more than 'consider,' 'refer to,' or 'apply.'" *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000)(citation omitted). "Despite the breadth of § 301 complete preemption, 'not every claim which requires a court to refer to the language of a labor-management agreement is necessarily preempted.'" *Id.* (quoting *Assoc. Builders & Contractors, Inc. v. Local 302 Int'l Bhd. of Elec.*

10 - OPINION AND ORDER

*Workers*, 109 F.3d 1353, 1357 (9th Cir. 1997)).

When a defendant argues a provision of the CBA is relevant to the plaintiff's claim, the court may "look to" the CBA to determine whether any of its terms are reasonably in dispute without actually "interpreting" the CBA and, therefore, without triggering complete preemption under § 301. *Cramer*, 255 F.3d at 691-92. The Supreme Court has explained, however, "it is the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement . . . that decides whether a state cause of action [is preempted]." *Livadas v. Bradshaw*, 512 U.S. 107, 122-24 (1994)(internal citations and quotations omitted).

  B.  <u>Plaintiff's State-Law Retaliation Claim Is Preempted by § 301 of the LMRA.</u>

Plaintiff alleges Defendant terminated Plaintiff's employment because he availed himself of the Oregon Workers' Compensation system. Plaintiff's only support for his claim is the fact that Defendant terminated Plaintiff in accordance with § 4.10(f) of the CBA. To evaluate whether Plaintiff's proof is sufficient, the Court would have to analyze § 4.10(f) of the CBA to determine whether Defendant violated Oregon Workers' Compensation laws when Defendant followed § 4.10(f). The Court, therefore, would be required to do more than merely refer to, to consider, or to apply the terms of the CBA. Indeed, the Court finds it would have to analyze and to evaluate the language of

11 - OPINION AND ORDER

the CBA to determine whether Defendant violated Oregon Workers' Compensation laws in this case. "In such instances, state law 'must yield to the developing federal common law, lest common terms in bargaining agreements be given different and potentially inconsistent interpretations in different jurisdictions.'" *Firestone v. S. Cal. Gas Co.*, 281 F.3d 801, 802 (9th Cir. 2002) (quoting *Livadas,* 512 U.S. at 122). *See also Adames v. Executive Airlines, Inc.,* 258 F.3d 7, 12 (1st Cir. 2001).

Accordingly, the Court concludes Plaintiff's state-law retaliation claim is preempted by § 301 of the LMRA. *See Allis-Chalmers Corp v. Lueck,* 471 U.S. 202, 213 (1985*).*

**II. Plaintiff's Claim of Retaliation Is Subject to Mandatory Arbitration**.

"Federal labor policy places great weight upon ensuring the availability of grievance procedure as 'a uniform and exclusive method for orderly settlement of employee grievances.'" *Util. Workers of Am. v. S. Cal. Edison Co.*, 852 F.2d 1083, 1087 (9th Cir. 1988). When "administrative procedures have been instituted for the resolution of disputes between parties to a collectively bargained or other agreement, the courts will generally require the exhaustion of those procedures before exercising the jurisdiction they might otherwise have over disputes subject to resolution through said procedures." *Id.* (citing *Amato v. Bernard*, 618 F.2d 559, 566 (9th Cir. 1980)).

In addition,

12 - OPINION AND ORDER

> arbitration is the means of solving the
> unforeseeable by molding a system of private law
> for all the problems which may arise and to
> provide for their solution in a way which will
> generally accord with the variant needs and
> desires of the parties . . . . A rule that
> permitted an individual to sidestep available
> grievance procedures would cause arbitration to
> lose most of its effectiveness, . . . [and]
> eviscerate a central tenet of federal
> labor-contract law under § 301 that it is the
> arbitrator, not the court, who has the
> responsibility to interpret the labor contract in
> the first instance.

*Util. Workers of Am.*, 852 F.2d at 1087-88.

The CBA in this matter contains a mandatory arbitration clause. *See* § 16.4. The record does not reflect Plaintiff exhausted the grievance procedures required under the CBA by arbitrating his claim against Defendant for allegedly terminating Plaintiff's employment in violation of Oregon Workers' Compensation laws.

The record also does not reflect whether Defendant waived its right to arbitrate this claim. In *Letizia v. Prudential Bache Securities, Inc.*, the court held in order to establish a defendant waived its right to arbitrate, the plaintiff must show (1) the defendant had knowledge of an existing right to compel arbitration, (2) acts of the defendant were inconsistent with that existing right, and (3) prejudice to the plaintiff resulting the defendant's inconsistent acts. 802 F.2d 1185, 1187 (9th Cir. 1986). Here Plaintiff did not assert Defendant waived its right to arbitrate this claim nor has he shown he has been prejudiced

13 - OPINION AND ORDER

as a result of Defendant's failure to assert its right to mandatory arbitration until Defendant filed its Supplemental Memorandum.

It is apparent the parties have not exhausted the grievance procedure of mandatory arbitration with respect to Plaintiff's retaliation claim as required under the CBA.  The Court, therefore, declines at this time to resolve Plaintiff's retaliation claim even though the LMRA preempts Plaintiff's state-law retaliation claim.  The Court concludes the most appropriate action at this stage is to stay these proceedings until the parties exhaust their rights to mandatory arbitration. The Court then will determine whether any further issues remain for the Court to resolve.


## CONCLUSION

For these reasons, the Court **DENIES as moot** Defendant's Motion for Summary Judgment (#14) and Plaintiff's Motion to Strike Declaration (#33), **GRANTS** Plaintiff's request to dismiss his claim for failure to rehire, and **STAYS FURTHER PROCEEDINGS** in this matter pending mandatory arbitration.

In addition, the parties shall keep the Court informed about the status of the arbitration process and submit a joint status report on or before January 31, 2006.

IT IS SO ORDERED.

DATED this 20th day of October, 2005.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

Dunlap CV 04-950 O&O 10-19-05.wpd